The court did not err in failing to charge upon the subject of undue influence. Boland v. Aycock, 191 Ga. 327
(12 S.E.2d 319).
Judgment affirmed. All the Justicesconcur.
 No. 16626. MAY 12, 1949.
This was a caveat to a will on the grounds of incapacity, monomania, and undue influence. The sole question here presented is as to the failure of the court to charge upon the subject of undue influence.
Edith Douglas Campbell was an attorney and prepared and executed her will on May 2, 1947. It provided for a material portion of her estate to go to Carl Julian Douglas, a young medical student who was related to her, though she had known Carl Julian Douglas only since January, 1947. About two weeks after they became acquainted he moved into her home and lived there until her death October 8, 1947. He became a confidant of hers. They made trips together to North Carolina where she owned a summer home. He addressed her as dearest, and corresponded with her when away. They planned to set up a business which would eventually belong to him. He testified: "Miss Campbell had told me many times, I am going to make my will — in a sort [of] kidding way, nothing definite. She said, this place would make you a good home; you can have this done or that done; . . and she would tell me that when I completed my medical education I could do certain things. . . As to whether I was just a boarder in the home — I was more than a boarder; I was a friend and a very dear friend. She was a very brilliant woman, and we had a wonderful understanding of each other, and we had a nice relationship in that way."
There was much evidence, pro and con, on the question of capacity to make a will, some evidence of monomania, and the court charged the jury upon these subjects. It is insisted that the foregoing testimony was sufficient to require a charge on undue influence.